IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WESLEY L. BUFORD                                                          PLAINTIFF

v.                                              Civil No. 6:18-CV-06072

CASSIE GONZOLES and JAIL                                          DEFENDANTS
ADMINISTRATOR BARNES

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and Defendants' Motion to Dismiss.  (ECF No. 23).

## I.  BACKGROUND

On February 20, 2019, Defendants filed a Motion to Compel.  (ECF No. 19).  On March 4, 2019, the Court entered an Order directing Plaintiff to provide Defendants with a response to their interrogatories and requests for production, including an executed medical authorization form, by March 18, 2019.  (ECF No. 22).  Plaintiff was advised that his case would be subject to dismissal if he failed to provide the required discovery by the deadline.  (*Id*. at 2).

On March 21, 2019, Defendants filed their Motion to Dismiss, stating Plaintiff had not produced his required response.  (ECF No. 23).  They further note that Plaintiff's last communication with the Court was on September 17, 2018.  (*Id*. at 1).

1

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case because the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with a Court Order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of March 2019.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE